THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN PARK, Appellant.

Fourth Department, January 4, 1933.

*Thomas F. Rogers,* for the appellant.

*George W. Pratt, District Attorney* [*Guy W. Cheney* of counsel], for the respondent.

PER CURIAM. Defendant has been convicted of arson, second degree, and given a prison sentence of twenty-five years for burning an hotel managed by him, the crime being alleged to have been committed to enable defendant to collect fire insurance. One Layton — who testified at the trial that he set the building afire as the agent of defendant — was indicted with defendant but has not been tried. The trial was had March 10, 1931, and on January 7, 1931, Layton and one Harrower had pleaded guilty to burglary in Pennsylvania. With their consent they were brought from Pennsylvania to be witnesses against defendant, sentence for the Pennsylvania burglary having been deferred meanwhile. The court charged, the People concede and we find that Harrower was not an accomplice (principal) with Layton in the commission of the crime. It does not appear that he took part in the " preparation for the crime, with intent to assist in the crime." (*People* v. *Zucker,* 20 App. Div. 363, 365; affd., 154 N. Y. 770; *People* v. *Cohen,* 223 id. 406, 425.) However, neither in the testimony of Harrower nor elsewhere in the record do we find the essential corroboration of Layton by other evidence tending to connect defendant with the commission of the crime. (Code Crim. Proc. § 399.) There is testimony that shortly before the fire defendant caused some of his personal property to be removed from the hotel. But this is not enough. Considering the character and status of Layton and Harrower when they testified, the reasonable possibility that their stories on the witness stand were colored adversely to defendant by a hope of leniency in the Pennsylvania court requires corroboration which is not merely colorable. An indictment against defendant and one Williams for keeping a disorderly house in the hotel in question was erroneously received in evidence. This was all the more unfair to defendant because the indictment had been dismissed as to him. For the reasons stated, the judgment of conviction should be reversed and a new trial ordered.

The appeal from the order denying motion for a new trial on the ground of newly-discovered evidence should be dismissed.

All concur.

Judgment of conviction reversed on the facts and a new trial granted. Appeal from order dismissed.